IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MANUEL HERNANDEZ** | * |
| *Plaintiff*, | * |
| | *   Civil Action No. 4:20-CV-1582 |
| v. | * |
| **HARTFORD FIRE INSURANCE COMPANY** | * |
| *Defendant*, | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes plaintiffs, Manuel Hernadez (hereinafter "Plaintiff"), and files his Complaint for Damages against defendant, Hartford Fire Insurance Company (hereinafter "Hartford"), respectfully averring as follows:

**I. PARTIES**

1. Made Plaintiff herein is **MANUEL HERNANDEZ**, an adult resident of the County of Montgomery, State of Texas, who is of sound mind;

2. Made Defendant herein is **HARTFORD FIRE INSURANCE COMPANY**, a foreign insurance company/agency, authorized to do and doing business within the State of Texas and the County of Montgomery.

**II. JURISDICTION AND VENUE**

3. This Honorable Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1332, because complete diversity of citizenship exists between the parties and the amount in controversy is greater than the minimum jurisdictional amount.

4. The Court also has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, because this matter involves federal questions under the National Flood Insurance Act, and specifically under 42 U.S.C. § 4072 and 44 C.F.R. § 62.22.

5. Venue is proper in this United States Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Plaintiff resides in this District; and the property subject to this dispute is located in this District.

## III.  RELEVANT FACTS

6. At all times relevant hereto, Plaintiff owned the property located at 22145 Wickersham Dr, Porter, Texas 77365 (the "Property");

7. At all times relevant hereto, Hartford, through the National Flood Insurance Program ("NFIP"), provided a policy of flood insurance, Policy Number 87057734552018 (the "Policy") to Plaintiffs, providing $250,000.00 in coverage for Building damages and $100,000.00 in coverage for Contents damages, and which Policy provided coverage the damages at issue herein.

8. On May 07, 2019 the Property was damaged by catastrophic flooding.

9. Following the loss, Plaintiff promptly reported the loss to his insurer, Hartford.

10. The claim was assigned Claim Number 137037.

11. Hartford assigned the claim to adjuster, Karl Bowers ("Bowers").

12. Vincent Caracci was then hired as an estimator to write an estimate for Mr. Hernandez and completed his estimate on May 18, 2019.

13. The differences in the estimates were stark.

14. Hartford failed to properly pay the claim and failed to pay for existing damage.

15. For example, Hartford refused to pay for replacement of the tile and stone flooring along with the OSB board. Hartford wished to simply clean and dry those items, but those items necessitated replacement.

16. The property again flooded on September 19, 2019.

17. Hartford again was timely notified of the loss and assigned an adjuster to the file.

18. Hartford assigned the claim to adjuster, Hugh Wilson ("Wilson").

19. This September loss was assigned Claim Number 10600509.

20. Wilson sent a proposed ACV and RCV proof of loss on October 11, 2019.

21. Wilson proposed a ACV amount of $61,314.68 and RCV amount of $69,394.17.

22. Across both losses, Mr. Hernandez was neither properly compensated for his contents nor for his structural loss.

23. Mr. Hernandez has attempted to resolve this dispute with Hartford amicably to no avail.

24. Harftord, for all the reasons described herein and otherwise, failed to fulfill its obligations under the Policy, and is liable to Plaintiff for the following:

    a.    Failing to pay all damages due under the Policy;

  b. Failing to timely adjust the claim;

  c. Breach of contract; and

  d. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

**WHEREFORE,** plaintiff, Manuel Hernandez, prays that, Defendant, Hartford Fire Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of plaintiff, Manuel Hernandez, and against Defendant, Hartford Fire Insurance Company, in an amount that will fully and fairly compensate plaintiff, Manuel Hernandez, pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

            **RESPECTFULLY SUBMITTED:**

           */s/ J. Zachary Moseley*
           McClenny Moseley & Associates, PLLC
           James M. McClenny
           Texas Bar No. 24091857
           Federal ID No. 2764142
           J. Zachary Moseley
           Texas Bar No. 24092863
           Federal ID No. 2706476
           516 Heights Blvd
           Houston, Texas 77007
           Principal Office No. 713-334-6121
           Facsimile: 713-322-5953
           James@mma-pllc.com
           Zach@mma-pllc.com

**PROPOSED SUMMONS WILL BE SEPARATELY SUBMITTED:**

**HARTFORD FIRE INSURANE COMPANY**
CT CORPORATION SYSTEM
1999 Bryan St, Suite 900
Dallas, TX 75201-3136